UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE SMITH, JR.,

    Plaintiff,

vs.

Case No. 18-CV-13098
HON. GEORGE CARAM STEEH

TRANS UNION LLC, et al.,

    Defendants.
_____/

ORDER GRANTING DEFENDANT TRANS
UNION, LLC'S MOTION FOR JUDGMENT ON THE
PLEADINGS (Doc. 16) AND VERIZON WIRELESS PERSONAL
COMMUNICATIONS, L.P.'S JOINDER IN THE MOTION (Doc. 24)

Plaintiff Bruce Smith, Jr. claims that a notation on his credit report that accounts of Defendants Verizon Wireless Personal Communication, L.P. ("Verizon") and Wells Fargo Bank, N.A. ("Wells Fargo") were "included in bankruptcy" rather than "discharged in bankruptcy," violates the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 seq. Now before the court is Defendant Trans Union LLC's ("Trans Union') motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which Defendant Verizon has joined (collectively "Defendants"). Defendant Wells Fargo has not joined in the motion. Because there is no meaningful distinction between "included in bankruptcy" and "discharged in

- 1 -

bankruptcy," and for additional reasons set forth below, Defendants' motion shall be granted.

## I. Factual Background

Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan on June 17, 2016. On October 4, 2016, Plaintiff received an order of discharge. On May 19, 2018, Plaintiff reviewed his credit disclosure prepared by Trans Union, a consumer credit reporting agency, and claims that his Wells Fargo and Verizon accounts (the "Accounts" or "trade lines") reported "included in bankruptcy" rather than "discharged in bankruptcy." On June 29, 2018, Plaintiff sent a dispute letter to Trans Union asking it to report the trade lines as "discharged in bankruptcy." Plaintiff claims that Trans Union failed to conduct a reasonable reinvestigation and continued to report the Accounts without the notation of "bankruptcy discharge." Plaintiff does not dispute that the public record section of his credit file reports his Chapter 7 Bankruptcy as discharged. Also, Plaintiff has not alleged that any creditors, including Verizon or Well Fargo, have been misled by the notation "included in bankruptcy," only that they might be, and that this has caused him anxiety. Plaintiff does not allege that he was denied credit based upon his credit report.

Plaintiff also alleges he never received a copy of the Investigation Results.  In support of its motion for judgment on the pleadings, Trans Union has attached a copy of the Investigation Results.  (Doc. 16-1). Those results report that Plaintiff's Chapter 7 Bankruptcy is "discharged" and verified the Accounts as "included in bankruptcy" with no account or past due balances and listing the dates closed.  Plaintiff argues this court should not consider the Investigation Results as they were not part of his Complaint, but does not dispute the authenticity of the Investigation Results, nor does he dispute that he references the reinvestigation of his dispute in his Complaint.

Plaintiff filed a six count Complaint.  Counts I through IV allege that Wells Fargo and Verizon negligently and willfully failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b). Counts V and VI allege that Trans Union reported false, misleading and inaccurate information in the consumer credit report, failed to follow reasonable procedures to assure accuracy of the information, and failed to conduct a reasonable reinvestigation of his dispute in violation of 15 U.S.C. § 1681e(b) and § 1681i.  Plaintiff also seeks punitive damages under § 1681n.

## II. Standard of Law

The same standard applies to Rule 12(c) motions as motions to dismiss under Rule 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006). Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement'" are insufficient to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'"

*New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

*A. Investigation Report*

Before undertaking an analysis of the sufficiency of the Complaint, the court first addresses whether in doing so this court may consider the Investigation Report mentioned, but not attached to the Complaint, and submitted by Trans Union as part of its motion to dismiss. (Doc. 16-1). As a general rule, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion without converting the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, when "'a document is referred to in the complaint and is central to the plaintiff's claim' ... 'the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment.'" *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999) (*quoting* 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998)). Here, it is appropriate to consider the Investigation Report attached to Trans Union's motion to dismiss, as it is mentioned in the Complaint, is central to Plaintiff's case, and Plaintiff has

not challenged the authenticity or accuracy of the document, but portends that he did not receive a copy of it prior to receiving Defendant's motion to dismiss. Plaintiff has had the opportunity to respond to the Report in his response brief. However, even if the court does not consider the Investigation Report, the court reaches the same conclusion here.

B.  *Accuracy of the Credit Report*

Plaintiff brings his claims under the FCRA 15 U.S.C. § 1681s-2(b) against Verizon and Wells Fargo, and under 15 U.S.C. § 1681e(b) against Trans Union. Section 1681s-2(b) applies to furnishers of information to consumer reporting agencies, like Verizon and Wells Fargo. Under § 1681s-2(b), upon notice of a dispute regarding the completeness or accuracy of any information provided by a person to a credit reporting agency, the furnisher must (1) conduct an investigation; (2) review all relevant information provided to the credit reporting agency; (3) report the results of the investigation to the credit reporting agency; (4) report any inaccuracies if found to all credit reporting agencies who may have received the inaccurate information; and (5) correct any inaccuracies found in the information. *Id.*; *see Barakat v. Equifax Info. Servs., LLC*, No. 16-10718, 2017 WL 3720439, at *2 (E.D. Mich. Aug. 29, 2017). Section 1681e(b) of the FCRA governs the responsibilities and liability of consumer

reporting agencies, penalizes promulgation of inaccurate reports, and states:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b). Both claims filed against furnishers of information to consumer reporting agencies under § 1681s-2(b), and against credit reporting agencies under § 1681e(b), require proof of an inaccuracy. *See Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 617-18 (6th Cir. 2012) (FCRA violation occurs when credit reporting agencies or furnishers provide information that creates a "materially misleading impression," that omits material to create "incomplete or inaccurate" information, or when a furnisher fails to note that a consumer has raised a bona fide dispute).

The Sixth Circuit has adopted the "technically accurate" or "accurate on its face" approach to deciding whether a report is accurate for purposes of the FCRA. *Dickens v. Trans Union Corp.*, 18 F. App'x 315, 317-18 (6th Cir. 2007). Although *Dickens* applies directly to consumer reporting agencies under § 1681e(b), the "technically accurate" standard remains the same in cases involving furnishers of information as well. *See Shaw v. Equifax Info. Sols., Inc.*, 204 F. Supp. 3d 956, 960 (E.D. Mich. 2016).

In *Dickens*, the Sixth Circuit recognized that "liability does not flow automatically from the fact that a credit reporting agency ... reports inaccurate information. Instead, liability flows from failure to follow (1) reasonable procedures (2) to assure maximum possible accuracy of the information (3) concerning the individual about whom the information relates.... [T]he standard of conduct by which the trier of fact must judge the adequacy of (consumer reporting) agency procedures is what a reasonably prudent person would do under the circumstances." *Id.* at 318 (internal quotation marks and citation omitted). In *Dickens*, the plaintiff argued his credit report was misleading because it contained the phrase "Included in Bankruptcy" without specifying that it was not Dickens who filed for bankruptcy but his daughter, and because it listed the loan as "Charged Off as Bad Debt" without indicating that the car loan, for which plaintiff had cosigned, later had been paid in full. *Id.* The Sixth Circuit found the notation "Included in Bankruptcy," rather than a notation that the loan had later been paid in full, was not misleading, and there was no evidence that the notation was mis-perceived by the bank's credit department. *Id.* The same result should be reached here. Plaintiff has not alleged that any creditor has been misled by the notation "included in bankruptcy," rather than "discharged in bankruptcy," and has not disputed that in the public

record section of his consumer disclosures, Trans Union accurately reported his Chapter 7 Bankruptcy as discharged.

Plaintiff's mere speculation that the notation "included in bankruptcy" was misleading, without more, is insufficient as a matter of law to establish a prima facie case of inaccuracy in violation of § 1681e(b).  *See Connor v. JP Morgan Chase Bank, N.A.*, No. 15 C 8601, 2016 WL 7201189, at *3 (N.D. Ill. Mar. 22, 2016) (credit report not misleading even where line item of creditor's account does not state that it was discharged in bankruptcy when the first page of plaintiff's credit report states that the bankruptcy is discharged and report lists amount past due as $0).

Another district court in the Sixth Circuit faced a nearly identical issue and concluded that the notation on plaintiff's credit report which stated certain trade lines were "included in bankruptcy" rather than "discharged in bankruptcy" was not false or inaccurate and did not state a claim under the FCRA.  *Blanch v. Trans Union,* 333 F. Supp. 3d 789, 793-94 (M.D. Tenn. 2018).  As in *Blanch*, Plaintiff here does not allege that Verizon or Wells Fargo ever made any effort to compel her to make further payments after the bankruptcy discharge, nor has she alleged that any other creditors or potential creditors were misled by the "included in bankruptcy" notation.  Plaintiff argues that Blanch did not plead that her credit report was

misleading and thus is distinguishable, but Blanch did allege that the credit report was misleading (Doc. 26-1), the court just found that the bare allegations set forth in the pleadings were insufficient because there was no inaccuracy in the report that the accounts were "included in her bankruptcy, closed, and with a zero balance." *Id.* at 793-94. Likewise, the Investigation Report in this case notes that the Verizon and Wells Fargo debts were "Included in Bankruptcy" and lists the dates those accounts closed, and does not list any account or past due balances.

Plaintiff argues the "included in bankruptcy" notation is insufficient because it is possible that even where a bankruptcy proceeding as a whole is discharged, some accounts may be non-dischargeable or reaffirmed. However, Plaintiff does not dispute that the subject accounts of Verizon and Wells Fargo reported with no account or past due balances, whereas accounts that were not discharged, or were reaffirmed in bankruptcy, would report a past due balance. Also, the Investigative Report lists the date the accounts were closed with the notation "CHAPTER 7 BANKRUPTCY."

Moreover, Plaintiff has cited no authority to support the proposition that the "included in bankruptcy" notation is inaccurate or misleading where a bankruptcy has been discharged. In fact, numerous courts have used the phrases "included in bankruptcy" and "discharged in bankruptcy"

interchangeably. *See In re Zine*, 521 B.R. 31, 39 (Bankr. D. Mass. 2014) (creditor had notice of bankruptcy discharge when mortgage loan was reported as "included in bankruptcy; closed 04/09"); *In re Jones*, 367 B.R. 564, 566 (Bankr. E.D. Va. 2007) (referring to industry standard that requires that debts discharged in bankruptcy be reported with a zero balance and as "Included in Bankruptcy" or "Discharged in Bankruptcy"); *Garrett v. Trans Union, LLC,* No. 2:04-CV-00582, 2006 WL 2850499, at *5 (S.D. Ohio Sept. 29, 2006) ("this Court will not permit Plaintiff to create an issue of fact as to whether the subject mortgage was discharged in bankruptcy or should have been reported as "Included in Bankruptcy"); *Butler v. Equifax Info. Servs., LLC*, No. 5:18-cv-02084-JCB-SHK (C.D. Cal. April 3, 2019) (Doc. 27-1) ("there is no meaningful difference between the phrase 'included in bankruptcy' and the phrase 'discharged in bankruptcy'").

Finally, Plaintiff makes only a bare allegation that he has suffered stress because of the "included in bankruptcy" notation, rather than "discharged in bankruptcy" notation, and does not allege that any creditor was misled as to whether the Wells Fargo and Verizon accounts had an outstanding balance. "[A] personal opinion such as Plaintiff's constitutes 'mere speculation that the notation was misleading' and is insufficient to

support a claim of inaccuracy under the FCRA." *Shaw*, 204 F. Supp. 3d at 961 (citations omitted). In a similar FCRA case, *Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710, at *6 (E.D. Mich. July 1, 2013), the court dismissed the complaint for failure to state a claim because the plaintiff did not allege facts that any creditors were actually misled, or that the plaintiff's creditworthiness was harmed, even where plaintiff promised to produce expert testimony that the additional debt noted on her report would damage her credit rating. In *Bailey*, plaintiff's credit report included information that the plaintiff was the authorized user on an account for which another person owed a balance. *Id.* Plaintiff argued the "authorized user" notation created confusion over whether plaintiff owed the debt listed in the other's name, and harmed her creditworthiness. *Id.* The court dismissed the complaint because plaintiff did not include any factual allegations that anyone was misled by the credit report, or that the reporting of the balance owed by another for an account she had access to, negatively affected her or her creditworthiness. *Id.* The same result must be reached here as Plaintiff has not alleged any facts that any creditors were actually misled, or that her creditworthiness was in any way compromised.

C.  *Sufficiency of Reinvestigation*

Plaintiff also asserts that Trans Union is liable under 15 U.S.C. § 1681i for failing to adequately reinvestigate his allegations that there was a mistake in the report. Section 1681i states in relevant part:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30–day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

15 U.S.C. § 1681i(a).  In *Dickens*, the Sixth Circuit found that plaintiff's argument with regard to § 1681i liability merely rehashed his arguments that the information was inaccurate in the first place, and thus the claim was subject to the same dismissal as the § 1681e(b) claim.  18 F. App'x at 319.  The same is true here.  Plaintiff has not alleged any facts in support of his claim that Trans Union's reinvestigation fell short of the § 1681i requirements, but merely complains that Trans Union failed to correct an alleged inaccuracy.  The Sixth Circuit has not decided whether § 1681i has an inaccuracy element, *Dickens*, 18 F. App'x at 319, but has noted that "damages would be almost impossible to prove without it."  *Turner v.*

*Experian Info. Sols., Inc.*, No. 17-3795, 2018 WL 3648282, at *2 (6th Cir. Mar. 1, 2018) (citing *Sali v. Am. Express Travel Related Servs. Co.,* No. 96-1799, 1997 WL 809956, at *3 (6th Cir. Dec. 19, 1997)). But the majority of circuits to address the issue have found that in the absence of an inaccuracy in the reported information, a claim brought under § 1681i must fail. *See DeAndrade v. Trans Union* LLC, 523 F.3d 61, 67 (1st Cir. 2008) (collecting cases). Having found no inaccuracy, and there being no other allegation of error to support his § 1681i claim, Trans Union is entitled to dismissal of the § 1681i claim as well.

## IV. Conclusion

For the reasons set forth above, Trans Union and Verizon's motion for judgment on the pleadings (Doc. 16 and 24) are GRANTED. Because Wells Fargo has not joined in those motions, final judgment is not appropriate at this time.

**IT IS SO ORDERED**.

Dated: May 10, 2019

s/George Caram Steeh<br>GEORGE CARAM STEEH<br>UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 10, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk